UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAMEER PAUL GADOLA,

        Defendant.

_____/

No. 1:17-cr-80

Hon. JANET T. NEFF
United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Sameer Paul Gadola and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>The Defendant Agrees to Plead Guilty</u>. The defendant agrees to plead guilty to Counts 1, 2, and 3 of the Superseding Felony Information. Counts 1, 2, and 3 charge the defendant with possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2.     <u>Plea to Information.</u> The defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Superseding Felony Information charging three counts of possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3. <u>The Defendant Understands the Crime</u>. In order for the defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(5)(B), the following must be true:

    a. the defendant knowingly possessed material that contained an image of child pornography;

    b. such child pornography was transported in or affecting interstate commerce by any means, including by computer; and

    c. the defendant knew that the material constituted or contained child pornography.

The defendant is pleading guilty because the defendant is guilty of the charges described above.

4. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 2252A(a)(5)(B), is the following: 10 years' imprisonment; a period of supervised release of not less than 5 years and up to life; a fine of $250,000; a mandatory special assessment of $100; and an additional mandatory special assessment of $5,000. The defendant agrees to pay the special assessments at or before the time of sentencing unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay. The defendant understands that the Court has the authority to impose consecutive sentences for each count, for a combined total of 30 years' imprisonment.

5. <u>Mandatory Restitution (MVRA).</u> The defendant understands that he will be required to pay full restitution as required by law. See 18 U.S.C. §§ 2259, 3663, 3663A. The defendant also agrees to make full restitution to all of the victims of his sexual exploitation of children, including, but not limited to, the children depicted in the images charged in the Superseding Felony Information, as well as the children who appear in any other child pornographic images produced, received, possessed, or accessed by the defendant. The defendant agrees that the restitution order is not restricted to the losses related to the counts to which he is pleading guilty. The parties currently do not know the applicable amount of restitution and agree that the amount will be determined by the Court at sentencing.

6. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. <u>Sex Offender Registration.</u> The defendant acknowledges and agrees that the defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where the defendant is convicted,

3

resides, works, and attends school. The defendant understands that failure to register may subject him to prosecution.

8. <u>Forfeiture</u>. The defendant agrees to forfeit his right, title and interest in the following property:

    a.    an Apple iPhone 6+, serial number F9CS5090G5QH, IMEI number 354454062053000;

    b.    an Apple iPhone, IMEI number 990002778392066; and

    c.    a Lenovo laptop computer, serial number YB05028657,

(hereinafter referred to as the "Subject Property"). The defendant admits that he used the Subject Property to facilitate the offenses to which he is pleading guilty and that the Subject Property is forfeitable pursuant to 18 U.S.C. § 2253(a)(1) and (a)(3). The defendant consents to the entry of a preliminary order of forfeiture concerning the Subject Property at or before the time of sentencing.

9. <u>Factual Basis of Guilt.</u> The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or the sentencing:

On March 24, 2016, while at his residence in Ingham County, the defendant engaged in the following communication with J.L., a 16-year-old boy residing in Texas:

| | |
|---|---|
| Gadola: | If we were to workout I'd et u sit in my lap and I'd have u lift weights bud. I'd have you start out with the 15's |
| Gadola: | How would u wanna sleep with me bud. What position would us wanna be in bud? |

4

| | |
|---|---|
| Gadola: | Awe thanks bud! U can sit in my lap whenever u want bud. Oh, U wanna know a better way to masterbate bud? I know so many tricks u might not know. Id totally teach u |
| Gadola: | How big ru bud? If u don't know send me a pic and I'll know by just lookin at it bud. |
| J.L.: | What tricks do u know about |
| Gadola: | If u wanna go faster get some lube lotion then just use your wrist |
| J.L.: | I'm not sure I'm ready for this. I'm like new at this. |
| Gadola: | I think you're ready bud. Well first send me a pic of your dick. It's not being weird or gay I'm gunna tell u how big ur for starters." |
| J.L.: | Well I could tell you this. My dick is like 5 something inches long. |
| J.L.: | I'm a little uncomfortable sending dicks |
| Gadola: | You gotta get comfortable buddy. If a girl wants one in the future u gotta be comfortable bud. I'm here and giving you a lot of help |
| Gadola: | You can send one to me. U can trust me |
| J.L.: | Ok but its not hard like biology videos |
| Gadola: | Try to get it hard. Rub it to make it hard bud.   If u can't get it hard send a pic of ur not hard |
| J.L.: | Omg I made it hard |
| [*J.L. sends a picture which is a close up image of an erect penis.*] | |
| Gadola: | Looks like 6-8 inches bud |

The defendant communicated with J.L. through Instagram. J.L. sent an image of his erect penis, which the defendant agrees is a lascivious depiction, was transmitted from Texas through Instagram and received by the defendant in Michigan. The defendant acknowledges that Instagram is a social media application that operates through the internet. At the time he possessed the images, the defendant knew and had reason to believe that J.L. was a minor under the age of 18.

5

On May 17, 2016 and May 21, 2016 while at his residence in Ingham County, the defendant engaged in the following communication with H.H., a 14-year-old boy residing in Michigan:

May 17, 2016:

| | |
|---|---|
| Gadola: | Even tho I'm straight I don't mind exploring with boys lol |
| Gadola: | If you were single id so experiment with u. Ur a good looking kid. |

[*H.H. and Gadola exchange nonsexual pictures.*]

| | |
|---|---|
| Gadola: | Have u ever sent dick picks? Lol. I've sent a few to my gf |
| H.H.: | Yea I have |
| Gadola: | That's my boy! I bet you're huge |

[*Gadola sends a full body nude photograph of himself*]

| | |
|---|---|
| Gadola: | Here's a pic I've also sent my gf. How do u like it? |
| H.H.: | Nice and are u in a public restroom |
| Gadola: | Lol in a stall |
| ... | |
| H.H.: | Text my phone 517[*number redacted*] |
| Gadola: | Let's send them thru here cutie. Don't worry buddy. I won't do anything with the pic. |
| H.H.: | Ok u first it has to be live |
| Gadola: | I'm at a restaurant waiting for my gf. I'm Goin to the bathroom |
| Gadola: | To send it |
| ... | |

[*Gadola sends two explicit images and H.H. responds with two images, depicting a boy standing with his pants visible around his ankles, with his hand on an erect penis.*]

| | |
|---|---|
| Gadola: | My boy!!! |
| H.H.: | U like |
| Gadola: | Hell yeah boy! U like mine? |
| H.H.: | Yea is mine bigger? |
| Gadola: | Mines longer yours is thicker. Mine would feel amazing in u tho boy. My gf says mine is the best she's ever had in her nice pussy. |
| H.H.: | I'm about to cum |
| Gadola: | Video it |
| H.H.: | Can you send another |

[*Gadola sends a picture from of himself masturbating. H.H. sends a picture similar to the previous ones that includes ejaculate.*]

...

6

| | | |
|---|---|---|
| H.H.: | Hey my parents are getting my phone don't text me until I text u | |
| Gadola: | Don't show them your messages | |
| H.H.: | I deleted them bye | |
| H.H.: | Hey my dad has my phone don't text my number no matter what ok | |
| Gadola: | How long will he have your phone? | |
| H.H.: | I think until tomorrow night | |
| ... | | |
| H.H.: | How old are u? | |
| Gadola: | I'm 21 | |
| H.H.: | I'm only 14 | |
| Gadola: | That's fine | |
| Gadola: | 14 year old gay boys are cute | |

May 21, 2016:

| | |
|---|---|
| Gadola: | Keep these messages between us |
| H.H.: | Wanna trade |
| Gadola: | U go first |
| H.H.: | vid or pic |
| Gadola: | Idc. Whichever u want. |

[*H.H. sends picture of himself, with his hand on his erect penis.*]

| | |
|---|---|
| Gadola: | What ru watching cutie? |
| H.H.: | Porn I want to see u know |
| Gadola: | What would you do if u were on your knees in front of me? |
| H.H.: | Suck it show ur dick plz |
| Gadola: | Promos not to show anyone these messages |
| Gadola: | ^*promis |

...

[*H.H. sends another image. He is standing over a bed, nude, and masturbating.*]

The defendant communicated with H.H. through KiK Messenger. H.H. sent images of his erect penis and himself masturbating, which the defendant agrees are lascivious depictions and depictions of sexually explicit conduct, were transmitted through KiK and received by the defendant. The defendant acknowledges that KiK is a messaging application that operates through the internet.

7

On October 2, 2016 and October 3, 2016, while at his residence in Ingham County, the defendant engaged in the following communication with C.S., a 13-year-old boy residing in Tennessee.

October 2, 2016:

| | |
|---|---|
| C.S.: | Hi |
| Gadola: | What grade in ru in [name redacted]? |
| C.S.: | 9th wat grade u in???????? |
| Gadola: | I'm in 11th. Do u have a girlfriend? Do u like a girl? |

October 3, 2016:

...

| | |
|---|---|
| Gadola: | What would u and be doin rn if we were with each other? |
| C.S.: | Idk haveing sex probably |
| Gadola: | I'd so be giving you my dick boy |
| C.S.: | Yay |
| Gadola: | You'd be taking my cock boy |
| C.S.: | Okay |
| Gadola: | what would u want me to do to u? |
| C.S.: | Fuck me so hard idk tho I am jsut playing I think |

...

| | |
|---|---|
| Gadola: | I bet your moan is cute |
| C.S.: | Idk my moan cuz I have naver been fucked |
| Gadola: | You haven't haven't? hm. Send me a vid of u trying to moan. It's fine I won't judge. |
| C.S.: | I really don't want to right now. |

[CS sends a picture of his genitals, protruding from between red pants and a red shirt.]

| | |
|---|---|
| C.S.: | There it's not much cuz I am not hard right now |
| Gadola: | In a few hours when your fam goes to bed send one of you hard. |
| C.S.: | okay but you will have to make me hard. |
| Gadola: | I'll talk to u so dirty I'll make u hard in 50 seconds |
| C.S.: | okay try right now |
| Gadola: | I'm gonna kiss your sexy body all over and rub your cock so hard makin u wet and I'll put my dick in your mouth |
| C.S.: | omg that worked |
| Gadola: | let me see now my naughty boy |

[C.S. sends a picture of himself shirtless and then a picture similar to the one earlier, but with an erect penis.]

8

The defendant communicated with C.S. through Instagram. C.S. sent images of his genitals and erect penis, which the defendant agrees are lascivious depictions, were transmitted from Tennessee through Instagram and received by the defendant in Michigan. The defendant acknowledges that Instagram is a social media application that operates through the internet.

    10.    <u>The United States Attorney's Office Agrees</u>.

        a.    <u>Dismissal of Other Counts/Charges.</u> The U.S. Attorney's Office agrees to move to dismiss the underlying Indictment and Superseding Indictment against the defendant at the time of sentencing. The defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

        b.    <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that the

defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

11. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "guidelines") are not mandatory, the Court must consult the guidelines and take them into account when sentencing the Defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the guideline range that applies in this case, and may impose a sentence within, above, or below the guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. <u>The Parties Jointly Agree to the Following</u>:

    a. <u>Application of U.S.S.G. § 2G2.2(c)(1).</u> The defendant and the

U.S. Attorney's Office recognize and agree that the applicable guideline for possession of child pornography is U.S.S.G. § 2G2.2. However, the cross-reference at § 2G2.2(c)(1) states that "[i]f the offense involved causing ... a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct ... apply § 2G2.1 ..." Here, the offense conduct did involve causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The parties therefore agree and stipulate that U.S.S.G. § 2G2.1 should be applied.

  b. <u>There is No Agreement About the Final Sentencing Guidelines Range.</u> The defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors, other than the application of the cross-reference described above. The parties have no agreement about the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

  13. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

11

      a.      The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

      b.      The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

      c.      The right to confront and cross-examine witnesses against the defendant.

      d.      The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.      The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

      f.      By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14.    <u>Waiver of Other Rights.</u>

      a.      <u>Waiver.</u>  In exchange for the promises made by the government in entering this plea agreement, including the dismissal of the production of child

pornography charges, which carry a statutory mandatory minimum of 15 years and a maximum of 30 years, and the dismissal of the enticement charges, which carry a statutory mandatory minimum of 10 years and a maximum of lifetime imprisonment, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.    <u>Exceptions</u>. The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

    1.    the defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

    2.    the defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

    3.    the guilty pleas were involuntary or unknowing;

    4.    an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

If the defendant appeals or seeks collateral relief, the defendant may not present any issue in the proceeding other than those described in this subparagraph.

    15.    <u>FOIA Requests.</u> The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or

prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. <u>Hyde Waiver.</u> The defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

17. <u>The Court is not a Party to this Agreement.</u> The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty pleas, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

18. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

20. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

United States v. Sameer Paul Gadola
1:17-cr-80
Plea Agreement

ANDREW BYERLY BIRGE
United States Attorney

29 March 18
Date

ALEXIS M. SANFORD
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3/28/18
Date

SAMEER P. GADOLA
Defendant

I am Mr. Gadola's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3/28/18
Date

BRIAN P. LENNON
Attorney for Defendant

16