# Exhibit L

Sharon Walenga-Maynard

███████████████

Claire A. Floyd

███████████████

July 9, 2018

Honorable Janet T. Neff
United States District Judge

Dear Judge Neff:

This joint letter has been written to request leniency for Sameer Gadola.  It is our hope that this letter provides you with information to allow this young man and dear friend the best opportunity to continue to grow and heal and work closely with professionals in a safe environment surrounded by his family and friends.

Claire and I met during college while attending Michigan State University.  I have been a civil servant for the State of Michigan for 33 years as a Purchasing Manager and Claire has also worked for 33 years as a special education instructor and teacher consultant in the Mason and East Lansing school districts.

Our families met Sameer 15+ years ago while attending Michigan State football games. It is there that our friendship began in the true spartan spirit. Football season ran into basketball and during those years we saw each other mostly during games and/or communicated via text messages during Spartan away games. From a young age, Sameer's passion for the green and white was obvious as he donned hats, pins, shirts, jerseys, socks, shoes, pompoms and even MSU tattoos. As Sameer started to mature, we were able to learn more about his passion and love for his family and friends.  Whether the conversation was about his mother, father, sister Molly or his friends, it was clear Sameer had a big heart and sensitive outlook for others and their well being.  His passion, positive outlook and mere presence impacted our friends and/or other family who attended football games. Simply his smile could turn a not so good day into a better one.

We've watched Sameer grow and attended his high school graduation party. Sameer has always been willing and excited to share stories of his employment working as a bus boy at Coral Gables or grocery bagger at the local store. These jobs were perfect for him as he isn't afraid to engage anyone -- young or old.  His personality is infectious and he would make a complete stranger feel welcome and comfortable!

He also shared his career aspirations and struggles or accomplishments in the classroom. He is a hard worker and his goals were to continue to work hard, graduate and gain employment to one day have his own family and ultimately be a contributing member of the community.

Sameer needs an opportunity to right the wrongs. We fully support Sameer and believe he has the will, determination and dedication to learn from his mistakes.

Thank you for your consideration.

Sincerely,

Sharon Walenga-Maynard

and

Claire Arno Floyd

July 12, 2018

Honorable Janet T. Neff
U.S. District Court for the Western District of Michigan
110 Michigan St., NW
Grand Rapids, MI 49503

Re:    Sameer Gadola

Dear Judge Neff:

I understand that you will be sentencing Sameer Gadola in August. Sameer has pled guilty to three counts of possession of child pornography. I write to you as a close friend of the Gadola family and as a good friend to Sameer, whom I have known for about ten years. Over that time, I have been a part of many, many family events with Sameer and his extended family. My partner, Abby Eaton and I have spent many nights visiting and playing games with Mike, Preeti, Sameer and Molly. We know their circle of friends quite well. Sameer's grandmother, Joyce Gadola, and his aunt and uncle, Paul and Mary Gadola are frequent visitors. I sit with Mike and Sameer at 7 p.m. mass at St. John Student Parish. Since his arrest 18 months ago, I have seen firsthand the very strong support system that is in place for Sameer, consisting of his counselors, his family, his friends, his parents' friends, the church(es), and his former co-workers at Coral Gables in East Lansing. Sameer has been told that he can return to his job at Coral Gables when this matter has been resolved. He would like nothing more than to be able to return to work and school. I provide this information to you as evidence of the very strong support system already in place for Sameer. I will continue to be there for him and his family after the sentencing, which I will attend.

Beyond this support system, please recognize Sameer is a thoughtful and kind person. Sameer is deeply interested in current events, politics, and sports of all kinds (especially anything MSU!). He loves his friends, family and animals. I always enjoy seeing Sameer, even under his present circumstances. He regrets his acts that have brought him to the present circumstances and wishes that he could have a do-over. I know from the bottom of my heart that Sameer is not the predator or deviant he is being portrayed as. Instead, his very real ADHD creates problems for him. I also firmly believe that although he is chronologically an adult, he functions at the level of a young teenager. If your honor were to spend only a few minutes alone with him, this would be evident. Recognizing this limitation, Mike and Preeti are prepared to have him at home with them as long as is necessary.

In fashioning his sentence, please closely consider the widespread love and support Sameer enjoys. I hope that you are able to see that Sameer is not a sexual abuser or pedophile. He is a good kid, from a good family that deeply loves him. Incarceration will serve no tangible purpose here. Instead, I hope and pray that you sentence Sameer to some form of probation that allows for close monitoring, no access to social media or the like, and allows Sameer to continue receiving therapy and whatever other services the court deems necessary. Thank you for your close consideration to this unique matter.

R. Dillon McCormick

James L. Heavenrich, MSSA, ACSW, LMSW

███████████

July 23, 2018

The Honorable Janet T. Neff
United States District Judge


     Sameer Gadola has been my therapy client since April 2016 during which time we have met for 175 sessions of counseling.  This letter is a brief summary of some of my impressions from our work.  The impact of Sameer's early history has been considered as we have attempted to understand his growth and development.  Included have been psychoeducational explorations that leave me wondering how Sameer processes information while communicating. These patterns may sometimes be significant is assessing his understanding of engagement, relationships and the process of friendship.  This letter concludes with implications and recommendations from a clinician's point of view.

     Sameer was born at thirty weeks of gestation weighing under two-and-a-half pounds. One quarter of babies born in this cohort in the third world survived, compared to three quarters in the industrialized world.  He had multiple hospitalizations in the first six months without the support of a secure, reliable, trusting, protective, primary attachment figure. He experienced trauma at multiple levels influencing neurological, physiological, emotional and learning processes. Early trauma alters brain development. There are ongoing deficits, delays and strengths of temperament.  From early on, his chronological age and his developmental emotional age have been out of synchronicity.  This was a child who did not start to speak until age three.  Early disruptions and the long wait for "life parents" have in my opinion contributed to disorders in self-regulation of behavior and emotion.  There was a cluster of symptoms around sensory processing, inattention, mood regulation, self-soothing, irritability, language and struggles with transitions.  Sameer has shown regressive, repetitive behaviors in eager search of reassurance.  When excited or impassioned about his point of view he would at times be tactilely driven in communication like a child of a much younger age.

     The ongoing psychoeducational work has approached issues of Attention Deficit, basic brain development, and learning to pause before choosing words or actions. We have considered differences between left and right brain, facts and opinions, thoughts and emotions, self and other, seeing externally and perceiving internally.  We have introduced tenets of <u>Whole Brain Child</u> researchers looking at awareness of senses, the growth of learning, self-reflection, and awareness of relationships. These themes are slow sledding, but obviously worth long sustained effort.  Sameer is generally an experimental learner so practice is necessary.

     Raising a child with regulatory disorders is innately challenging. Each milestone is hard earned, each success brings a new set of frustrations, hopes and expectations.  Add the accelerant of the digital age and adolescence, and most parents face the dilemma of how to monitor their children while helping them grow as aware, maturing decision makers.  The excitement of the

internet, the availability of "friending," the allusion of longing to belong, all move faster than Sameer's neurobiologic development.  Add the frustrations of ADHD, bullying, learning differences from most of his peers, and the internet offers places for creative, adaptive or harmful choices.  This time without access has helped Sameer, in my mind, become more reflective and remorseful.

Sameer, in therapy, often references his experiences as a public-school student.  Clearly family, faculty and staff have worked diligently and with commitment throughout his life. Leaving high school while a great accomplishment has also been a great loss of support, structure, and social reference group.  Over the years his peers have moved on, while his journey has its unique challenges.  It's as if he was more comfortable there, still thinking of himself in that time frame.

Of note are communication patterns that are both defensive and attempts at engagement. He has a capacity to be somewhat chameleon like as he encounters someone with power, nurturance or authority. He instinctively scans in order to align with them.  Alternately, he may take on oppositional posture as a path to impassioned engagement, but he does not necessarily read the other with equal attention.  Perhaps these behaviors are protective adaptations to his experience of loneliness.  These behaviors run atomically, outside of awareness but serving adaption to early trauma.

Another pattern takes place in a fraction of a second when in a session.  I would purposefully take an opposite viewpoint from Sameer's.  His stance would change one-hundred-eighty degrees, echoing my comment as his own, disconnecting from his initial comment. He stays engaged and he stays defended. I think he is driven by the desire for connection more than the content of communication.  However adaptive, this is a weak cover for vulnerability when authenticity is necessary to sustain a connection.  In those moments he becomes confused about his perceptions and beliefs as he moves from unconscious reaction to the beginning of conscious self-reflection.  Psychopharmacology has much to offer in assisting such pursuits.

Sameer loves people, cares deeply about the world, is impassioned for the underdog, identifies with his heroes, cherishes and is attached to his family.  He engages from the right brain first and strongest. Emotionally he can move from tender to shut down or agitated, from humorous to angry, from vulnerability to denial, from excitability to passivity.  There is a childlike romantic, demanding configuration in which he asks repeatedly for his parents to have a baby so the family would grow. He persists in the wish despite being told multiple times in multiple circumstances this wish cannot happen.  He does not social cue in this moment and he seems unable to connect the wish with analysis of fact.  This kind of story targets the weakness of dialog between the right and left sides of the brain.  Early physical and environmental traumas have left dyssynchronous developmental trajectories to be integrated.  Such stories represent the emotional self-regulation evolution from early disrupted foundations.

All of these issues can be responded to with advances in and integration of multidisciplinary sciences of the brain and mind. Much has changed over the last ten years in application of new knowledge to model treatment efforts. An ideal program might include cognitive, behavioral, neurological, meditative, group, family, and individual treatment

modalities.  Sameer longs for a cohort, a social context with which to grow.  Such sciences offer more understanding of the malleability and plasticity of the brain and are the foundations of evolving treatment.  Good programs both support attachment to and separation from one's family as emotionally ready.  Participants respond to safety and trust, health and wellness.

Hopefully, the efforts invested in Sameer's therapy will contribute to preparing for future intensive residential treatment.  Knowing something about one's issues, naming them, claiming them, lowering one's defenses when safe, all contribute to readiness. If requested I would be open to continuing this work as plans evolve.

I have grave concerns for the emotional and physical danger Sameer, as a one-hundred ten-pound, twenty-three-year-old, brown, young-looking man, would be confronted by in an incarcerated population of mature men.  It is unclear how to help someone prepare for vulnerability, stress, chaos, depersonalization.  Is there punishment that promotes growth with no trauma, is there punishment that is healing as destructive?  Is there punishment that promotes accountability as a primitive struggle for survival?  In some ways incarceration is like returning to an unresponsive, impersonal, overloaded, over and underwhelming orphanage.  Yes, he brings an internal life to what comes next.  I doubt he can sustain himself as needed in a dangerous, stressful and traumatizing environment. His emotional and psychological self, of whatever age he functions, goes with his twenty-three-year-old body.

Your Honor, I appreciate your thoughtful consideration and hope these efforts have been of service.

Respectfully submitted,

James L. Heavenrich
MSSA, ACSW, LWSW
NPI 1124212410



EWASEK LAW OFFICES PLC

PETER F. EWASEK

July 13, 2018

Honorable Janet T. Neff
U.S. District Court Judge
U.S. District Court for the Western District of Michigan
110 Michigan St. NW Ste 402
Grand Rapids, MI 49503

   *Re:*   *Sameer Paul Gadola*

Dear Judge Neff:

  Whenever I am with Sameer Gadola, I am struck by his wonderment. Even the smallest things seem to inspire wide-eyed curiosity from Sameer. As an example, this past May, I stopped by the Gadola household to share lunch with Mike and Sameer Gadola. Preeti was at work and Molly was away at school, so it was just we three guys. We shared tacos, nachos and conversation. Most people would have found the tacos to have been a little spicy and the conversation to have been bland. Sameer was subdued, largely because he is consumed by the gravity of his legal situation. But he slowly joined in as we discussed the things guys often do, work, sports, what's in the news. Subdued, but trying. Part of my work includes being a handyman for my family's rental business. Renting houses is not exciting, not in the least. But, when I described fixing a handrail on a front porch, Sameer made it seem like show business. His spirit seemed to lift, his eyes widened, he looked to Mike for confirmation that I was not teasing him, that, yes, I actually can screw a handrail to its posts. We'd talked about similar handyman projects in the past and he'd reacted the same way. This day in May, it all seemed new to him. That is the Sameer that I know, complete, childlike wonderment.

  I met Preeti and Mike Gadola in 1987. We started law school at Wayne State that year, finished our 3 years there together and, since then, we have kept a close friendship and shared good times, growing pains and memories. Among those memories, I recall talking with Mike shortly after he'd returned from India shortly after Sameer was born. If I recall correctly, Mike had come home from India before Preeti and Sameer to make sure that Sameer's new home would be ready for him. He had that nervous excitement that overtakes first-time parents when they realize that they are now responsible for a new life. But the home was ready and Mike and Preeti were ready. The nervousness left soon enough and they turned out to be solid, involved parents. They coached, managed serious medical and emotional issues, tutored, soothed, cheered and taught Sameer and his sister, Molly.

  Among the many important things they taught their children is kindness. I am sure, Judge Neff, that you will receive a tall stack of letters from people telling you that everybody who knows him loves Sameer. And that is true. It is that way because Sameer is kind. He is caring. No evil resides in his heart. I cannot imagine him ever acting with the intention of causing harm to another person. It's just not in his nature. Being human, however, he will make mistakes.

  Preeti and Mike also taught Sameer to be accountable. I know this because Sameer has shown me. For instance, during that same May luncheon, the discussion turned to my 11-year old son's hockey dreams. Sameer's passion is following Michigan State University sports teams, so he lit-up when I said that my son had announced that

EWASEK LAW OFFICES PLC
Honorable Janet T. Neff
U.S. District Court Judge
July 13, 2018
P a g e | 2

his goal is to play at MSU. Then, as quickly as it had brightened, Sameer's tone flipped back to gray. His body stiffened, his gaze turned away, his head shook a gentle, involuntary "no" and he admonished me to keep my son away from cell phones until he is old enough to understand them and how the internet works. His remorse was palpable. It was clear that he understands, now, the gravity of his mistake and its ramifications.

Although I am an attorney, I do not get involved in criminal procedure and I am not fully aware of how the sentencing process works. I do know, however, that Your Honor has the right to consider a defendant's character and circumstances during that process. As I mentioned above, I cannot imagine that Sameer acted with the intention of causing any harm to anyone. I sense that, more likely, his intention was to find some self-validation. I ask you to consider this and Sameer's kind and caring nature as you proceed. I do not expect Sameer to make these same mistakes again. To the contrary, he has shown me that he will be far more circumspect in the future. In so many ways, his life is now in your hands. I hope that you will find that leniency is appropriate in Sameer's case. And I hope to be able to soon share with Sameer more lunches and conversation.

Very truly yours,
EWASEK LAW OFFICES PLC

Peter F. Ewasek



**BUTZEL LONG**
ATTORNEYS AND COUNSELORS

*a professional corporation*

Maura D. Corrigan



July 10, 2018

Honorable Janet T. Neff
United States District Court
Western District of Michigan
401 Federal Building
110 Michigan Avenue, N.W.
Grand Rapids, Michigan  49503

  Re:  U.S. v. Sameer Gadola

Dear Judge Neff:

  I write to assist the court with my knowledge about the Gadola family as you impose sentence following Sameer's recent guilty plea.  I have known Michael and Preeti Gadola since they were in law school at Wayne State.

  My late husband, Joe Grano, taught Mike and always spoke very highly of him.  Mike was an outstanding student and editor-in-chief of the law review.  We have been friends and colleagues ever since.  I hired Mike to serve as Supreme Court Counsel when I became Chief Justice.  I recommended him to Governor Snyder as governor's legal counsel and as an appellate judge.

  Mike and Preeti adopted Sameer and his sister Molly.  As I recollect, Sameer had experienced developmental issues since very early childhood.  He struggled academically but was always a kind and gentle soul.  Mike and Preeti consistently supported, loved and nurtured him.

  I do not believe that Sameer's present offenses reflect a malicious heart.  I do not believe that a lengthy sentence of imprisonment would achieve the purposes of deterrence, retribution, incapacitation and rehabilitation.  Sameer has no prior record.  Sameer's support system is and

---

Ann Arbor  Bloomfield Hills  Detroit  Lansing  New York  Washington D.C.

*Alliance Offices*  Beijing  Shanghai  Mexico City  Monterrey  *Member Lex Mundi*  www.butzel.com

Honorable Janet T. Neff
United States District Court
Western District of Michigan
July 10, 2018

remains exceptional; in his case, rehabilitation could occur without imprisonment, but with a probationary sentence.

Thank you for considering my views.

Sincerely,

Maura D. Corrigan

MDC/ams

# 1877483

BUTZEL LONG



July 1, 2018

The Honorable Judge Janet T. Neff
United States District Judge
401 Ford Federal Building
110 Michigan Street N.W.
Grand Rapids, MI 49503

Re: Sameer Gadola

Dear Judge Neff:

I am a fifth grade teacher in the Haslett Public School district and have been an elementary school teacher for twenty years. I was Sameer's fifth grade teacher and our families also attend the same church. I have known Sameer for over ten years. I am aware that Sameer has pled guilty in Federal Court in Grand Rapids to three counts of possession of child pornography.

I want you to know that even as a young boy, Sameer was kind and cared about others. As a fifth grader, he frequently offered to help in class, to carry things for me or to erase the board. Sameer was eager to help not only me, but his classmates as well. When someone was sick or got hurt at recess, he was genuinely concerned for them. I remember these things about Sameer all these years later because sympathy and concern for others is a unique quality in ten and eleven year olds. Sameer received special education services as academics were very difficult for him. He also received speech therapy. Sameer worked very hard at school and had a positive can-do attitude, even when he struggled with the schoolwork. He was young emotionally for his age due to his disabilities, but was always happy and smiling no matter what the challenge. Sameer's parents were very supportive and involved in his school life.

Sameer is still the kind-hearted and caring person he was when he was a young boy. When we ran into each other at an MSU football game in Indianapolis a few years ago, he was so happy to see me. Sameer asked about how Mr. Mahon and I were doing, and if I was enjoying the game. My husband, Mike, was a chaperone on a church youth mission trip that Sameer was on. He saw the same characteristics in the weeklong trip. Sameer worked hard, cared about others, and was very kind to the He was truly interested in us and I left our conversation smiling and thinking about how he always makes my day when I see him. Whenever we see each other at church, Sameer always smiles and says "Hello" and we often chat.

My daughter, ▮▮▮▮▮▮, is a Larry Nassar survivor. She was the tenth young woman to give her statement in Nassar's January sentencing and I was there in court with her. During the days in court, I did not see or hear any genuine remorse from Larry Nassar, his actions and attitude are those of a self-serving predator. In stark contrast to Nassar is Sameer. I saw Sameer at church after he had pled guilty to the possession of child pornography charges. He was hesitant to talk to me and was visibly sad, but in talking with Sameer I have no doubt that he is truly sorry for what he has done.

Sameer is a genuinely good person, he cares deeply about others, and brings joy to those around him. I whole-heartedly request leniency for Sameer as you sentence him. He has my full support now and in the future as well as the unwavering support of his family, friends, and church community.

Respectfully yours,

Z▮▮▮▮▮ M▮▮

# Haslett Community Church
## United Church of Christ

www.haslettcommunitychurch.org

July 3, 2018

To the Honorable Janet T. Neff,

My name is Erin Heisler. I am the Minister for Youth & Children's Programs at Haslett Community Church, in Haslett, Michigan. It is through my role as one of the pastors at HCC that I came to know the Gadola family, specifically Sameer Gadola. Over the course of the 8 years that I have known the Gadolas, I have been able to get to know Sameer in a variety of settings. He was a leader in our youth ministry program during his senior year of high school, offering a voice of guidance and leadership to his peers. I have also served alongside Sameer on one of our annual high school mission trips. It was through these experiences and settings that I came to know Sameer as a deeply caring and compassionate individual, a hard worker as well as a truly joy-filled and optimistic person able to radiate joy to all those around him.

I truly believe that Sameer has one of the biggest and kindest hearts. His actions come from a place of reaching out in care and compassion for others. When we served meals at a homeless shelter in Cleveland, Ohio, I saw Sameer, unwilling to stop or take a break until every individual in that shelter had a not meal on his or her plate, and then he went around offering them second and third helpings, wanting no one to leave hungry. His care extended to his peers in youth group as well, always offering to support them as he was able, whether through prayer, a listening ear or a caring presence.

But above all, when I think of Sameer, his ever-present smile, positive nature and joyful presence is what immediately comes to mind. One of the hardest things to witness over the last eighteen months has been the remorse he has felt over the charges brought against him. When he and I would talk, it pained me to not see that smile, or the positive outlook that I had always known him to have. It is my prayer that the love and support of his family, friends and greater support system will help him get back to that positive nature and joyful outlook again.

Sincerely,

Rev. Erin Heisler

the Reverend Erin Heisler

Rev. Kurt Kirchoff
Pastor

Rev. Erin Heisler
Minister for Youth
& Children's
Programs

We strive joyfully and prayerfully to
warmly welcome all, freely share our blessings,
and humbly explore God's love.

Gary & Mimi Borucki

████████████

To the Honorable Janet T. Neff
United States District Judge

As friends and neighbors of the Gadola Family for more than 20 years, we feel compelled to speak to the character of Sameer Gadola and his family. Their family represents integrity, compassion, and the morals and values we should all aspire to attain. Sameer and our son, Jacob have been very good friends for many years. Their friendship is genuine and unwavering. Sameer is a very positive and enthusiastic young man and displayed these characteristics all along. Our experiences and interactions with Sameer have been nothing but positive even if he would be silly at times. We never saw anything but kindness and sincerity from him. Our son ████ would have friends over often and had numerous overnights in our lower level which was a nice environment for kids to play video and board games, tell stories and watch movies. Although they could be loud at times, it wasn't anything unexpected, particularly for middle-schoolers. If there was anyone we could trust to behave at those times, it was Sameer. We trusted him and still do.

He seemed very comfortable with adults as a young person and was a joy to be around. Being a passionate Spartan fan, I personally had a common bond with Sameer and his dad. We would share perspectives and suggestions for the teams/coaches like we knew their jobs better than they did. Of course, our support and loyalty for the Spartans was always a constant regardless of the outcomes of the games.

We find it difficult to see Sameer in such a serious situation. We believe in him and his family and feel strongly they will be able to work through these issues. We will continue to be here for them for moral support, a listening ear and any guidance and advice they may seek. We hope you will be compassionate in your decision and provide the best environment for Sameer to grow from this in a positive way.

Sincerely,

*Gary J. Borucki*
*Mimi Borucki*

Gary & Mimi Borucki

**To the Honorable Janet T. Neff**
**United States District Judge,**

As a good friend of Sameer's since elementary school, I strongly feel the need to speak to the character of Sameer Gadola and his family, and support them during this time. I am Jake Borucki, and as stated above I am a very good friend of the Gadola Family. Sameer and I grew up in the same neighborhood together, and he is one of the best friends that I have ever had. In the past, Sameer and I went through a lot of similar issues with regards to getting bullied in grade school. Sameer has always been that friend to stand by me no matter what, and he has always listened to whatever issues I might be having. Sameer has always been open to doing things with me. Sameer's humor is infectious. His enthusiasm for MSU and for having fun are just amazing, and he has always helped anyone who he is friends with stay positive. I remember back in the summer of 2016, when Sameer and I would go out to eat and watch movies. We had a group of guys in our neighborhood who we would always hang out with, and out of everyone, Sameer was the heart and soul of the group. I remember hanging out with Sameer at MSU tailgates and at the 2014 Rosebowl. These are all great memories that I had with Sameer. He has been like a brother to me, and no matter what I will always stand by him and his wonderful family, who have treated me like one of their family members as well. I know Sameer would never hurt anyone, because he has a kind heart, and he really wants to help people and make a difference in the world with his strong work ethic and love for those around him. All I hope for is leniency on behalf of Sameer, because I personally know that he is a man of good character.

Sincerely, Jake Borucki

July 16,2018

The Honorable Janet Neff
United States District Court Judge
401 Federal Building
110 Michigan Avenue, N.W.
Grand Rapids, Michigan 49503

Re: Sameer Gadola

Dear Judge Neff:

I am writing concerning your upcoming sentencing decision with respect to Sameer
Gadola.

I have known Sameer for nearly his entire life. The first time I met him was when he
was a six-month infant, newly arrived in the United States and still weighing less
than ten pounds.

From that initial meeting and throughout Sameer's life, I have had the opportunity
to watch him grow.  Our families spent considerable time together.  We have
traveled to football games together.  As children, Sameer played with my three
daughters and, as our families grew up together, I have never had the slightest
hesitation or discomfort about Sameer's behavior or his activities with my own kids,
or my nephews.

Instead, what I have witnessed is a fragile infant who has grown up and become a
kind, gentle, sincere, honest young man.  Sameer faces challenges intellectually.  But
I have never known him to be mean-spirited, cruel, dishonest or aggressive.   The
Sameer that I know is a loving, warm, kind-hearted and well-intentioned young
man.  I know that he has learned from, and regrets, the mistakes that led to his entry
of a plea.

I have great faith in Sameer's parents, his extended family and friends to continue to
be there for Sameer.   I have known Michael for over 40 years since the two of us
met in the eighth grade and Preeti since the two of them began dating at Wayne
State in law school. I have every confidence that they, his broader support network,
of which I intend to continue to be a part, and others will provide a warm guiding
environment in which Sameer can learn from past mistakes and continue to grow.

 I do not take lightly the circumstances under which Sameer appears before the
Court. I have spent a considerable amount of my legal career as a government
attorney, both as an Assistant Attorney General and as the City Attorney of Lansing.
Part of the time I spent in the Michigan Attorney General's office was devoted to the
criminal prosecutorial appeals of sex offenders, typically ones who had engaged in

crimes against minors.  The circumstances that I frequently saw in those instances were dark, disturbing and often violent.  They are dramatically different from what is presented to the Court with Sameer's circumstances. In no respect would I consider or fear Sameer to be a predator.

But I do fear for Sameer.  If I were to identify a fault with Sameer, it his simple childlike naivete.  I don't consider this to be a "fault" in most circumstances, (indeed it is part of what makes him so endearing).  In prison, however, I fear it would make him extremely vulnerable to those who would seize upon his naïve gullibility.  I can't possibly imagine how prison time for Sameer would serve the purposes of retribution, rehabilitation or the protection of society at large.  But I do believe that it carries the great prospect of damaging him severely for the rest of his life.

I hope you will consider these observations in making your sentencing determination concerning Sameer.  In some respects, when I think about the small fragile infant that I held in what seems like yesterday, I can't help but think that he is even more fragile today as it relates to the sentencing decision that the Court will issue.  I encourage you to exercise great lenience, and I have faith that you will exercise appropriate discretion, in making your decision.

Respectfully,

Paul F. Novak

Honorable Judge Janet Neff                                                               July 2018
United States District Judge
Grand Rapids, Michigan

Attention:  Honorable Judge Neff

Re:  Sameer Gadola

This serves as a character reference and letter of support for Sameer Gadola. My name is Nancy Twichell, a
close family friend of the Gadola family. My daughter ██████ has been best friends with Sameer's sister,
Molly, since their early grade school years. During this period up through the ninth grade, Molly and ██████
played year-round sports together. This is how I got to know all members of the Gadola family, including
Sameer. We met up at countless sporting events, to include school-related activities and social gatherings. The
girls were inseparable, and it was a natural progression for our families to spend more time together and get to
know each other better as the years went by.

In high school, Molly pursued the fine arts and excelled in choir and musical productions while ██████ made
her mark in track and basketball. Despite different interests, the girls maintained a solid friendship and so did
their families. Molly had played freshman basketball with ██████ and it's remarkable that the Gadolas
continued to attend ██████ basketball games and we would socialize afterwards. We chaperoned our
daughters on their senior spring break trip in 2016. That same year, we spent Christmas Eve at the Gadola's
home. Currently, our families share the bond of having our daughters at the same college. Preeti has remained
my confidante and trusted friend when it comes to seeing our girls through the challenging college years.

It is a story of bonding and mutual support between two families that now encompasses Sameer due to his
restrictions. My support has been a unique form of respite care, whereby I stay at home with Sameer to enable
his parents to meet outside commitments. Before this, I had only seen Sameer in the light of his family roles as
a brother and son. To backtrack, in the early years, I remember him to be a fixture at his sister Molly's sporting
events and my daughter was on a majority of those teams. My takeaway is that Sameer genuinely appreciated
being with his parents and being supportive of his sister and her friends. For a decade, Molly and ██████
were busy year-round with their sports endeavors so my family and I definitely saw a lot of Sameer. Shannon
has two brothers who are several years older than Sameer and whenever they could attend the girls' games
they enjoyed interacting with him in jovial ways. They were athletes and sports fans so their bonding topic with
Sameer was sports. Sameer reveled in being in this environment of sports and family togetherness. He was an
enthusiastic spectator and supporter, always smiling and properly socially engaged and easy to bond with.
Fast forward to when I stay with Sameer nowadays and the same can be said. He is easy for me to be around
and I enjoy my time spent with him. Our relationship is based on familiarity and grows with love and trust.

From an early age, Sameer and his sister have been shown and taught the importance of supporting others.
Sameer has been in a family environment that has enabled him to develop his ability to recognize need in
others and to willingly participate in supportive endeavors. This was demonstrated to me very early in our
family relationship which made a lasting impression. The Gadolas showed up at my father-in-law's Visitation on
a cold rainy weeknight at the local funeral home. They had never met ██████ grandpa, but they knew us
and they knew we were grieving a significant loss, and they knew they wanted to be there for us. Molly was in
second grade, which places Sameer in fifth grade. Such thoughtful and touching behavior from the entire
Gadola family continues to this day in unexpected ways. There are too many examples to list; the latest with
Sameer occurred last month when we hosted a twin baby shower for my son and daughter-in-law. They
happily read aloud Sameer's card that his mother and sister brought to the event on his behalf. Sameer
included a dual message of "Go Green" and "Fire Up Chips" for each baby, knowing my son is loyal to MSU

and his wife to CMU. It was Sameer's way of participating and reaching out and they were chuckling at how he always finds a way to incorporate sports into the topic. It is the Sameer we all know and love.

I have spent time alone with Sameer at least twice monthly since his home confinement. This is a supervisory role and I also regard it to be a companionship role. Sameer knows I like to talk and we have had our share of conversations covering a variety of topics the past eighteen months. Only recently have we discussed his behavior that led to his legal issues; I have not pushed him to do so. I can state with validity that Sameer is remorseful and has no plans to ever engage in online sexual exploration. He has learned about the pitfalls in the hardest way possible for him. Sameer is interested in journalism and wholeheartedly agrees that he needs to focus on school and work, if given the opportunity. He is very open to suggestions for improvement.

A valid observation I have about Sameer is that he is a highly sensitive and empathetic person. Great things can come from people with this personality / character trait because they are the caring and nurturing type. Yet, this trait can also be emotionally taxing for some, even leading to detrimental physical and mental effects. Sameer reacts the same way every time we look through a photo book about his trip to India with his family. He gets choked up when talking about the extreme level of poverty and high number of orphanages he witnessed, and also quite fervent as we discuss solutions. Likewise, I have noted his reactions to other bad or victimizing situations [that he sees on t.v. or reads about] and it is like a knee-jerk reaction or urge for him to want to help when he learns of individuals/families in pain due to poverty, bullying, injustices, suicides, etc. It is surely a noble trait that incorporates compassion and caring, but for Sameer I surmise it is more of an impetus for a downward spiral at this point. I believe he often internalizes the emotions surrounding such topics. I see how he gets overly impassioned, then frustrated given the fact he is in no position personally to help. While I appreciate his sensitive tendencies, it is daunting to ponder how Sameer will handle adverse situations. There is much cause for concern if Sameer gets placed in an incarcerating environment that - from his viewpoint - is purely negative. We will most certainly see him absorb the bad to the point he is overwhelmed and withdraws. No good can come from it when he gets sent down that path.

People higher on the sensitive/empathic spectrum are the exact opposite of being a self-centered narcissistic person. Sameer sides with the highly sensitive and deserves a better environment to improve himself. Sameer told me he never took a shower during his seven-week Colorado experience. It is fear-based behavior but I contend it is also a manifestation of what I have discussed above. He is sensitive and reacted in an extreme way that is a form of withdrawal. This should not be ignored or minimized. I know his tender heart and that he is destined to help others. What is best for society and all involved is for Sameer to remain in his current support system, residing with his amazing family and getting therapy and being around loving people who know and understand him. I strongly feel further confinement would have permanent detrimental effects on Sameer, given the mitigating factors relating to his emotional processing and mental capacity. He already has what he needs for improvement, and if he and his family are assured he is not going anywhere, the difference this would make is immeasurable with regard to the positive momentum it could generate for all involved.

I am impressed with the fortitude shown by the Gadola family throughout this ordeal. I hope and pray they get put on a forward moving track. It is within your power to do this with a fair and decent decision that you can feel confident accurately applies to a unique individual like Sameer and his situation. I am available and willing to support Sameer and his family in any way possible towards healing and moving forward in effective ways.

Thank you for your consideration.

Sincerely,

Nancy Twichell

Nancy Twichell
B.A. Psychology | Former Disability Examiner

Kathleen M. Braunlich

July 13, 2018

The Honorable Janet T. Neff
United States District Judge

Dear Judge Neff,

Michael and Preeti Gadola and I have been close friends for many years. I first met their son Sameer shortly after he arrived in the United States to live with his forever family. Arriving at six months of age, Sameer weighed about eight pounds. He was the skinniest baby I have ever seen. It was heart breaking to realize how much he had gone without at the orphanage – nutrition, stimulation, and affection. He couldn't turn his head because he had become accustomed to lying in a crib looking at the baby in the next crib day in and day out.

His parents have been committed from the start to providing whatever necessary to give Sameer the best chance at thriving. Their dedication has been awesome. When Sameer was about ten years old it struck me that elements of his personality seemed to track at about seven years behind his chronological age. Through the years that has continued to be the trend, and in many ways I think of Sameer as being more emotionally and socially at the level of an eleven to 14-year old than as a young man. He is a sweet, funny boy. He is very trusting, does his best to try to fit in with others, and likes to be the center of attention. He really enjoyed his job as a busser at a local family-owned restaurant, and took care to be on time and to be someone his coworkers could count on. He has missed his co-workers and asks me about them whenever I visit him. The owner, a friend of mine, told me that Sameer was a breath of fresh air, and a joy to work with.

I am aware that Sameer pled guilty to three counts of possession of child pornography. He is sorry to have hurt the kids he was texting, and would like to be able to explain that to them and their families. I believe he never meant to hurt anyone. He has told me several times how being bullied has made him want to make sure he never makes anyone else feel bad. He is a good kid who did something illegal. This is a first offense. I do not believe incarceration would benefit society or Sameer. It would take him away from the support of his family, his ongoing counseling, his job, his medications, and the support of many friends and extended family members. I fear that if Sameer goes to prison it could destroy him. That is a huge price to pay.

Thank you for taking the time to learn more about Sameer Gadola.

Sincerely,

Kathleen M. Braunlich

Julie K. Wood

██████████████

July 1, 2018

Honorable Janet T. Neff
United State District Judge

I met the Gadola family about 20 years ago when their daughter Molly and my
son ████ were just infants. They lived in our neighborhood and Preeti had invited
a few moms and their kids to come over for the morning. ████ and Molly re-
connected in kindergarten and remain great friends to this day.

My two boys have always been friendly with Sameer, but it wasn't until middle
school/high school that they would occasionally hang out. We have a lot of boys
in our neighborhood and they would get together to play a game of basketball,
kick the can or dodge ball and play for hours.  During high school my son ████
and the neighborhood boys would get together more during the summer when
school was over and just hang out on our front porch, or watch movies and have
sleepovers at another boy's house. They were an inclusive group of boys!!

My boys played sports and Sameer was an avid Haslett and MSU sports fan which
was a connection they have always had. He would always be so supportive and
positive about their teams and post regularly on Face book regarding sports. He
would complement the boys and their teams whether they won or lost! Sameer
would give his perspective on the game in a caring, heartfelt manner. We would
see him and his dad across the basketball court at MSU games. His heart bleeds
green and white and he always speaks so energetically of his beloved Spartans.

We hold a special place in our hearts for both Molly and Sameer. They were
adopted as were our two boys!! We belonged to the same Church and it was after
the kids were confirmed they all eventually ended up at another Church attending
their youth group.  On Sundays after Church, we would go to the restaurant

where Sameer worked and he was always busing tables with a smile…..if time permitted he would come over and talk to us about the latest sports news!

I know Sameer had difficulty in his middle school years, some kids would tease him and he has always been the sweetest young boy, with a smile on his face and always wanted to talk! Our whole family holds a special place in our hearts for Sameer. He is somebody who cares so much about others, has shown empathy and advocates for those who might being going through a difficult time. My boys consider him a great friend and, after following the court protocols, both my sons were able to spend time with him during his house confinement.

His parents and Sameer have taken his restrictions very seriously. It seems to us he has served a sentence being confined to his home for the last year and been in intense counseling. I haven't talked to anyone from the neighborhood that doesn't stand behind Sameer and we all worry that if he is sentenced to prison time he will not survive. We pray and hope for the best possible outcome for Sameer.

Sincerely,

Julie K. Wood

July 10, 2018

To the Honorable Janet T. Neff

United States District Judge


I am writing on the behalf of Sameer Gadola, whom I have known for seventeen years. I met Sameer's mother, Preeti Gadola while volunteering in our daughter's public school kindergarten class.  Preeti and I have have maintained our friendship since then. My connection with Preeti allowed me to become acquainted with and develop a friendship with Sameer as he has grown into the young adult he is today. He reflects the ideals of offering kindness and friendliness to others, as well as supporting his friends and family.

Preeti and I bonded with one another because my eldest daughter is mentally disabled, as is Sameer. Although my daughter's disability is more severe, this gives me the ability to understand Sameer on a fundamental level. Although he is physically a young adult, Sameer does not share the mental age that many young adults do, similarly to my daughter.  I sincerely believe that his understanding of essential social customs is immature, due to no fault of his own. My experience has been that Sameer's intentions are not malicious, but are simply fueled by innocent misunderstanding.

During his early years, Sameer always exhibited politeness and a deep caring for his younger sister, Molly. As he grew, these qualities persisted. He has always retained pride in his older sibling role, supporting Molly even as she grew old enough to leave for college.

In high school, Sameer was in close contact with my second daughter, due a friendly connection via band class. ███ is also disabled, not mentally, but physically. During class she would often collapse into seizure-like episodes and was unable to function without the support of others. Sameer readily fell into the role as one of ███ caretakers, always by her side during band class and prepared to provide help if she needed it. I believe that if ███ did not have this support from friends like Sameer, she would not have been able to complete high school. His empathy and steady support helped her through very difficult times.

Sameer's actions of sexting were deeply wrong, and he has expressed remorse for said actions. I believe that while he acted, Sameer wasn't fully aware of the weight of the situation due to his mental disability. However, now that he has been taught the nature of his actions, he has accepted the responsibility, and is dealing maturely with the repercussions. Sameer's true friendly and considerate nature is the most important factor of his personality and I believe should be considered when judging his misconduct.

I will continue to support Sameer as I genuinely believe that he is an exceptional young man. He has also found support within our church, which he attends on a regularly with his parents. Sameer's friendly and outgoing nature allows him to form many genuine bonds with people within his community. He deeply loves and is loved by his friends and family. We hope that leniency can be provided in his case, and that he can follow the most healing path in the future.

Sincerely,

Sally W. Garrod

███████████

July 13, 2018

Honorable Janet T. Neff
United States District Judge

Dear Judge Neff:

I am writing to urge you to impose a sentence for Sameer Gadola which properly reflects punishment for what he did, deterrence to others, and provides rehabilitative and therapeutic opportunities.  My understanding is that had Sameer been charged in the court system of the State of Michigan, there would be a myriad of options available to the sentencing Judge.  I would ask that you consider imposing a sentence of probation so that he can remain in his community and get continuing counseling and mental health services in order to become the best person he can.

I have known Sameer and his family, his Father Mike, Mother Preeti, and Molly, his Sister, since they moved next door to my home in May of 2015.  Anyone who first meets Sameer will quickly learn that he loves sports, is engaging and kind, has a strong conscience for social justice issues, and has obvious limitations due to some inherent cognitive and mental health issues.  While I do not know the depth and breadth of his issues, as someone who has interacted with him on a regular basis, it is apparent that he functions at a level below his chronological age in social interactions.  Despite his chronological age being currently twenty-three, he appears to function currently in the range of an adolescent male.  That may provide some context to his actions given the medical information you undoubtedly possess.  I also believe that perhaps confusion or questioning as to his sexual orientation may have played a role in his actions.  I know that Sameer has taken full responsibility for his actions in discussions that he and I have had about this situation.

Theories of punishment generally include retribution, deterrence, rehabilitation, and societal protection.  Sameer surely has been punished to date from a retribution standpoint as he has, in essence, served home confinement since January of 2017, following his arrival back to the United States after a family trip to visit the orphanage he was adopted from in India.  Sameer also was incarcerated during his psychological testing.  I have been one of his authorized supervisors during this time.  Sameer also understands and accepts the fact that he will now be labeled a "sex offender."  That label carries significant consequences, which he accepts to the extent he knows them at this time.  His understanding of his actions and their criminal result, although certainly not done with criminal intent at the time, reflect that the charges and his guilty pleas have had a deterrent effect on not only Sameer but others from the publicity in the Lansing area alone.  Society has and will remain protected through stringent terms of probation as this Court is certainly able to fashion appropriate terms of probation. Sameer, and his family, have demonstrated their willingness to carefully follow all of the terms of his current release.

That leaves rehabilitation.  A sentence of probation, or some type of community-based sentence would best allow for rehabilitation, which is vital for this twenty-three-year old young man.

Given Sameer's slight stature, demeanor, and functioning level, I am quite concerned about his physical and psychological well-being should you sentence him to a term of incarceration.  Sameer is childlike, in all the wonderful gentle ways of a child, despite his age.  As a community member and his neighbor, I believe our community, society as a whole, and Sameer would be best served with either a term of probation, a community-based sentence, or further home detention if you think it necessary.  Given the past nineteen months that he has been under the jurisdiction of this Court, he has scrupulously followed the rules of his bond conditions with the assistance of his very supportive family, relatives, friends, church members, and neighbors.  A probationary or community-based sentence would permit him to continue with his psychological treatment with medical personnel who have known him and worked with him for a long time.  The alternative, I fear, would simply destroy him at the age of twenty-three.  That does not seem proportionate given his actions.

I do not make my plea to you lightly.  As a former City of Lansing Police Officer and Sergeant (retired), as well as a former Ingham County Assistant Prosecuting Attorney, and defense attorney, I have worked in the criminal justice system for twenty-plus years. I am currently an Administrative Law Judge; however, I did not know either Mr. or Ms. Gadola until I met them as neighbors as noted.  Given my career path, I understand full well the gravity of the charges he has tendered guilty pleas to.  I also understand your role and obligations Your Honor.  I know this young man rather well.  I am ready, willing, and able to continue to stand by and support Sameer and his family with this situation.  I humbly ask for your leniency for Sameer Gadola when you sentence him Your Honor.

Thank you for your consideration and review of this letter.


Sincerely and respectfully,


Marie L. Wolfe



July 9, 2018

The Honorable Janet Neff
U.S. District Court
401 Federal Bldg
110 Michigan Ave. NW
Grand Rapids MI 49503

Dear Judge Neff:

I am writing today on behalf of Sameer Gadola. Specifically as a family friend, I am writing to respectfully request leniency in his sentencing.

I've had the pleasure of working with Sameer's father Mike Gadola for 30 years in the political arena. Over that time Mike and I, and later his wife Preeti, have become good friends as well as colleagues. And, after we each added children, the Gadola and Pischea kids have grown up together My son ████ is Sameer's age, and they were classmates in Haslett since kindergarten. Additionally, my youngest daughter ████ and Sameer's younger sister Molly have been friends in school, choir and through musical theatre performances.

Your honor, I understand that Sameer has pled guilty to possession of child pornography. While the charge is troubling, I can say this is not the Sameer I know, and watched grow up for nearly 20 years.

The Sameer Gadola I've known has a huge heart and was well loved by his classmates and their parents, demonstrating kindness to everyone with whom he interacted. I saw this first hand when I helped Mike coach our boys' youth basketball team. It's hard to coach your own son, so I took more of a lead working with Sameer, while Mike spent more time with my son ████. Through that experience, I came to know Sameer pretty well. While all teenagers struggle to find their place in the world, Sameer was always upbeat, positive and full of enthusiasm. He loved his friends and teammates and was one of the most vocal "cheerleaders" on the team. I truly enjoyed working with Sameer as a coach, as he was interested in improving and was one of those rare kids who would actually listen to and accept instruction.

Sameer has always been one of the most generous of ████ group of friends – Sameer would do anything for a friend in need. His compassion and sincere desire to be helpful knows no bounds – something we've also experienced personally as



█████ mother and I have dealt with our son's addiction problems. Sameer, as one of █████ oldest and dearest friends, was eager and willing to help. He's been a tremendous sounding board for me as I've struggled with how to help ████, and he's provided ████ with an element of peer support that he's desperately needed in his recovery.

I'm not the only family friend of the Gadolas' who has taken an interest in Sameer over time. Haslett is a small, and closeknit community. It's where I was raised and went to school, and where all my kids have attended school as well. There is a strong network of parents and families who are ready and eager to support Sameer and the entire Gadola family.

I have talked to Sameer about this matter and I know he has accepted responsibility for his actions, and that he is dedicated to turning his life around and becoming a positive force in our community. I wanted you to know, your honor, that my kids and I are prepared to support Sameer and his family regardless of your decision – we believe he's worth the effort.

Again, I appeal to you for leniency in Sameer's sentencing, and I thank you for your consideration.

Sincerely,

Mark Pischea
Managing Partner

Your Honorable Janet T. Neff,
United States District Judge,

    Sameer and my son█████ have been friends since grade school, and still remain friends today. Sameer has always been well mannered and respectful to us, and a loyal friend to my son. He was always there to lend a helping hand, cheer people up when they were down, and his sense of humor was contagious.

    Sameer and █████ played sports together in grade school. At the high school level █████ continued in football and lacrosse, and Sameer joined the marching band. After the band presentation he would always find us in the stands to say hi. He was always at games to wish his friends luck, and cheer them on. █████ did not play basketball, but was the video recorder for the team, and Sameer kept stats for the team. █████ always commented on how much fun they had traveling with the basketball team, and how grateful they were to be included in all the team events. They were two kids that people could always count on to be there.

    Sameer had a tendency to talk fast and sometimes things did not come out right.  An example of this that comes to mind was at a football game. Sameer was sitting with us and asked my husband and I if we wanted to get him something to eat. We asked if he needed some money to get food, and he looked at us puzzled and said no I just thought we could go and get something together. So we went to the concession stand and Sameer had plenty of money to pay for his own food. He had never intended for us to pay for his food, he just wanted somebody to go with him. I realized that day, that in his speed to communicate, Sameer's choice of words did not always express what he was trying to say.

    █████ and Sameer needed some extra help in some of their high school classes. █████ actually had his english and math classes in the special ed room. He said  that sometimes when Sameer was behind in a class that he would come to get help to catch up. █████ would always tell Sameer, if you put a lot of work and effort into things you would get a reward. He told Sameer that he had special ed for math and english, but his history, science, and other elective classes were regular classes with the other students. I remember during football and lacrosse season █████ being up well past midnight studing or working on a project. The reward he earned, and was greatly proud of, was making the honor roll all through high school. He used this example to show Sameer that your weaknesses do not define who you are. If you work hard you can be anything that you want to be.

    I recently had the opportunity to stay with Sameer while his parents went out. We ended up just talking for a few hours. Of course he harassed me about being a Michigan fan, for he is an avid MSU fan, and I had to hear how State was going to crush Michigan. It was the same conversation my son and him had quite frequently. When the sports talk ended we talked about the situation that he is in now. He said he was going to counseling for what he did. He admitted to making some mistakes and  said he never intended to harm the kids he text, and he certainly had no intentions to scare them or their families. I totally believe he meant no harm to anyone, because if you knew Sameer like I do you would realize he is totally a gentle soul, who would never intentionally hurt anyone.

    I realize that you will never really get to know Sameer. The facts you have are just about a short period of his life. A period of time that he made mistakes that he is truly remorseful for. I hope that what ever you decide that it will include him remaining in counseling. I also hope that you keep in mind that his family and friends are important to him, and will be there to support him in every way. I ask for leniency in Sameer's

sentencing, so that he can continue to receive the professional help he needs to work through the mistakes he made. I will stand by Sameer and help him in any way that I can. I will respect your decision, and know you will do what is best for all who are involved in this case.

Sincerely,

*Judy A Green*

Judy A Green

Stuart Vanis

███████████

████████████████

July 19, 2018

The Honorable Janet T. Neff

United States District Judge

Dear Judge Neff,

My family has known the Gadola family for over twenty years. I first met Sameer as a very young

child. I understood his situation of how he was adopted from India by two incredible parents that

have given him the best chance to succeed possible. As Sameer grew up his passion for athletics,

especially for the MSU Spartans, seemed to be a central focus of his life. My son and I would meet
Mike

and Sameer before football games and throw the ball around while watching the band have their

pre game concert. He always seemed to be a very happy and energetic child.

The summer after Sameer graduated from high school he asked me for a job at the restaurant my
family

owns. I hired him and was impressed with his enthusiasm and respect for his co-workers and
supervisors.

1

He always worked on Sunday, and knew many of our customers from his church or high school that he

attended, always being friendly.


That is where I learned of his dream of becoming a sports writer. Even though he had some challenges

academically I always thought he would find a way to reach his goal. Unfortunately he has made some bad

decisions along the way. I hope through the support of friends, family and counseling he

will be able to make the right choices and pursue his goals in the future.


Sincerely,


Stuart Vanis