# United States District Court

Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| -vs- | Case Number: 1:17-cr-80 |
| SAMEER PAUL GADOLA | USM Number: 21552-040 |
| | Brian Patrick Lennon, Thomas W. Cranmer<br>Defendant's Attorneys |

**Date of Imposition of Original Judgment (or Last Amended Judgment):** September 10, 2018

**Reason for Amendment:**

☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to Counts One, Two and Three of the Superseding Felony Information.

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Offense Ended | Count No. |
|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | October 3, 2016 | One |
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | October 3, 2016 | Two |
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | October 3, 2016 | Three |

Nature of Offense

Count One: Possession of Child Pornography
Count Two: Possession of Child Pornography
Count Three: Possession of Child Pornography

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The Indictment and the Superseding Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DATED: December 3, 2018                                /s/ Janet T. Neff
                                                                             JANET T. NEFF
                                                                             UNITED STATES DISTRICT JUDGE

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 2
Defendant: SAMEER PAUL GADOLA
Case Number: 1:17-cr-80

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **SEVENTY-TWO (72) MONTHS** as to Count One, **SEVENTY-TWO (72) MONTHS** as to Count Two, to run concurrently to Count One, and **FORTY-EIGHT (48) MONTHS** as to Count Three, to run consecutively to Counts One and Two.

☒ The Court makes the following recommendations to the Bureau of Prisons:

   1. that the defendant be designated to a facility that will provide programming appropriate to the crimes not only involving child pornography but also sexual deviancy, and to the facility closest to East Lansing, Michigan; and
   2. that the defendant receive mental health programming.

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The Defendant shall surrender to the United States Marshal for this district:
   ☐ At _____ on _____.
   ☐ As notified by the United States Marshal.

*☒ The defendant has been designated to Milan FCI.*
   ☐ Before 2:00 P.M. on _____.
  *☐* As notified by the United States Marshal.
   ☐ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ To _____

At _____, with a certified copy of this judgment.

 

_____
United States Marshal

By: _____
Deputy United States Marshal

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 3
Defendant: SAMEER PAUL GADOLA
Case Number: 1:17-cr-80

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS** as to Count One, **FIVE (5) YEARS** as to Count Two and **FIVE (5) YEARS** as to Count Three, all counts to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.
   - ☒ The above drug testing condition is suspended, based on the Court's determination that you pose a low risk of future substance abuse. *(Check if applicable)*

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 4  
Defendant: SAMEER PAUL GADOLA  
Case Number: 1:17-cr-80

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with the law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 5
Defendant: SAMEER PAUL GADOLA
Case Number: 1:17-cr-80

# SPECIAL CONDITIONS OF SUPERVISION

1. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

2. You must participate in a program of mental health treatment, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and must pay at least a portion of the cost according to your ability, as determined by the probation officer.

3. You must participate in a sex offender assessment and/or treatment, as approved by the probation officer, which may include physiological testing, such as polygraph, and/or ABEL Assessment.

4. Your residence and employment must be pre-approved by the probation officer.

5. You must have no contact with minors (under the age of 18) without the written approval of the probation officer and must refrain from entering any area where children frequently congregate including, but not limited to parks, schools, day care centers, playgrounds, theme parks, theaters, and playgrounds.

6. You must not have contact with the victim(s) in this case. This includes any physical, visual, written, electronic or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with the victim(s).

7. You must not purchase or possess photographic or video equipment without the prior knowledge and permission of the probation officer.

8. You must not access or possess any computer or computer-related devices, other electronic communication, data storage devices, or media in any manner or for any purpose.

9. You must not have another individual access the internet on your behalf to obtain files or information which you are restricted from accessing yourself or accepting files or information from another person.

10. You must not work in any type of employment without the prior approval of the probation officer.

11. You must be monitored by location monitoring technology at the discretion of the U.S. Probation Officer for a period of **four (4) months**. During that time, you must abide by all technology requirements and location monitoring program rules and pay the cost of participation in the location monitoring program as directed by the U.S. Probation Office.

    The location monitoring technology must be utilized to monitor the following restriction on the offender's movement in the community as well as other court-imposed conditions of release:

    Home Detention: You are restricted to your residence except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer.

    The cost of location monitoring is based on the selected monitoring technology and subject to change depending on vendor availability, services rendered, and contracts negotiated and selected by the Administrative Office of the U.S. Courts.

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Fine** | **Restitution** |
|---|---|---|
| **$15,300.00** | Waived | *$62,832.31* |
| (Special Assessment of $100.00 as to each of Counts One, Two and Three for a total of $300.00; Additional Special Assessment of $5,000.00, pursuant to the Justice for Victims of Trafficking Act of 2015, as to each of Counts One, Two and Three for a total of $15,000.00) | | |

☐ The determination of restitution is deferred for no more than 90 days. An Amended Judgment in a Criminal Case will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| J. Family (confidential name and address to be provided by the U.S. Attorneys Office) | *$62,832.31* | *$62,832.31* | |

☐ Restitution amount ordered pursuant to plea agreement:   $

☐ The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the fine.
  ☒ the interest requirement is waived for the restitution.
  ☐ the interest requirement for the fine is modified as follows:
  ☐ the interest requirement for the restitution is modified as follows:

---

[1] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 7
Defendant: SAMEER PAUL GADOLA
Case Number: 1:17-cr-80

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of **$300.00** due immediately, balance due

☐ not later than _____, or

☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F, below; or

B ☐ Payment to begin immediately (may be combined with C, D, or F, below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment, or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

Any balance due upon incarceration must be paid in minimum quarterly installments of $25.00 based on IFRP participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, to commence 60 days after the date of this judgment. Any balance due upon commencement of supervision must be paid, during the term of supervision, in minimum monthly installments of $50.00, to commence 60 days after release from imprisonment. You must apply all monies received from income tax refunds, lottery winnings, judgments, and or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

an Apple iPhone 6+, serial number F9CS5090G5QH, IMEI number 354454062053000; an Apple iPhone, IMEI number 990002778392066; and a Lenovo laptop computer, serial number YB05028657.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.